IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| James Johnson, ) | |
| ) | C/A No. 3:05-2173-JFA-JRM |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, James Johnson, brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final

1

decision of the Commissioner of Social Security (the "Commissioner") denying his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

The plaintiff first applied for SSI and DIB on November 19, 2002, alleging disability since July 15, 2002 due to lower back and stomach pain. His claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") issued a decision on February 7, 2005, denying benefits and finding that the plaintiff was not disabled because he could perform his past relevant work. The Appeals Council denied plaintiff's request for review making the ALJ's decision final on June 17, 2005. The ALJ determined that the plaintiff was not disabled and made the following findings.

1. The claimant meets the nondisability requirements for a Period of Disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and was insured for benefits through December 31, 2000, the date her disability insured status expired.

2. The claimant did not engage in substantial gainful activity since the alleged onset of disability.

3. The claimant's osteoarthritis, Spina Bifida and hypertension are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to perform his past work as a title searcher, fork lift operator, and machine operator.

7. The claimant's past relevant work as a title searcher, fork lift operator, and machine operator did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR §§ 404.1565 and 416.965).

8. The claimant's medically determinable osteoarthritis, Spina Bifida, and hypertension do not prevent the claimant from performing his past relevant work.

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f)).

The plaintiff was 56 years old at the alleged onset of his disability. He has a high school education with two years of college and past relevant work experience as a title searcher, forklift operator, and machine operator.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This "substantial evidence" standard precludes the court in a *de novo* review of the factual circumstances from substituting its findings for those of the Commissioner. See, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to

3

give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The United States Magistrate Judge to whom this matter was referred filed a comprehensive Report and Recommendation suggesting that the Commissioner's decision be affirmed and submitting that the ALJ's findings are supported by substantial evidence. Because the Report provides a thorough recitation of the facts in this case, such will not be repeated in this order.

Plaintiff objects to this Recommendation and asks the court to reverse based on objections which essentially repeat arguments he presented to the Magistrate Judge.

Having reviewed the findings of the ALJ, the parties' brief and record before the Commissioner, the plaintiff's objections, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and that each of the arguments raised by the objections is adequately and properly addressed in the Report. The court concurs with both the reasoning used and the recommendation made by the Magistrate Judge.

The court adopts the Report and Recommendation of the Magistrate Judge, finding that the Commissioner's decision was based upon substantial evidence. Accordingly, the

4

Commissioner's decision is hereby affirmed.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

September 11, 2006
Columbia, South Carolina